FR:  Geoffrey G. Nathan, Esq.
     132 Boylston ST 5th FL
     Boston MA 02116


August 26, 2014


TO:  Ms. Jennifer D. Broquist
Senior U.S. Probation Officer
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 1200
Boston, MA 02210

**Re:**    **U.S. v. Oscar Rodriguez Cruz**
       **Dkt. No. 1:04-CR-10314-12**
       <u>**Objections to Presentence Report**</u>

Dear Ms. Broquist:

We have had an opportunity to review the Presentence Investigation Report (PSR) on Mr. Rodriguez Cruz dated August 12, 2014.  We wish to file the following objections and comments thereto.

<u>Objection #1</u>.  On page 2, footnote 1, you indicate that you have not been able to determine what, if any, time Mr. Rodriguez Cruz spent in custody in the Dominican Republic related to this offense.  You mention Mr. Rodriguez Cruz's claim that he spent two months in custody, which he reiterates here and which took place in 2009.  Mr. Rodriguez Cruz further maintains that he spent an additional five months in custody in the Dominican Republic for this offense in 2011.  Both of these claims relate directly to the issue of pretrial confinement credit he should receive under 18 U.S.C. § 3585(b).

We wish to respectfully request that you intensify your efforts to confirm Mr. Rodriguez Cruz's claims and to so amend the PSR.

<u>Objection #2</u>.  We object to your recommended finding in ¶ 180 that Mr. Rodriguez Cruz should be held accountable for at least 160 kilograms of cocaine.  Mr. Rodriguez Cruz pleaded guilty to an offense under 21 U.S.C. § 841(b)(1)(a) which carries a minimum mandatory ten-year sentence.  Accordingly, it is his contention that the base offense level (BOL) should be 32 under U.S.S.G. § 2D1.1(c)(4).  Mr. Rodriguez Cruz wishes to put the government to its burden in establishing the quantity of drugs attributable to him.

<u>Objection #3</u>.  In ¶ 236, you correctly note that the maximum term of imprisonment is life.  What you failed to add, however, is that the extradition agreement concerning Mr. Rodriguez Cruz between the Dominican Republic and the United States limits Mr. Rodriguez Cruz's term of imprisonment to 30 years.  This fact would also mean that if the Court finds the advisory guideline range as you have recommended it in ¶ 237, that range would have to become 360 months.

We wish to respectfully request that you look into this limitation on the sentence available to the Court and so amend the report.

Comment #1.  Mr. Rodriguez Cruz does not contest your recommended finding in ¶ 184 that he played an aggravating role in the offense.  He does wish it to be known, however, that of the many defendants named in this and the related case, he knows and had dealings with only two:  Manuel E. Pinales and Saturnia Antonio Cruz-Pena.  He had telephone conversations with Pinales.  Cruz-Pena is his godson.  Rodriguez Cruz categorically denies the latter's claim that he distributed drugs to Cruz-Pena during the 1990s.

Comment #2.  Based on the documentation you obtained related to Mr. Rodriguez Cruz's prior convictions in ¶ 193 and ¶ 194, Mr. Rodriguez Cruz is not in a position to challenge them as predicate convictions under the Guidelines for your career offender recommended finding, notwithstanding the fact that both offenses occurred more than 27 years ago.  Mr. Rodriguez Cruz's recollection is that when originally arrested on both offenses, he was charged with a misdemeanor level offense and received a nine-month sentence.  The first involved less than one gram of crack, and the second involved no drugs at all.  Mr. Rodriguez Cruz evidently did not make himself available for service of this sentence, however, and was subsequently arrested at Kennedy Airport while re-entering the United States.  It was only thereafter that the 2-6 year committed sentences, concurrent, were imposed.  According to the documents you allowed us to review, there is no mention of an earlier misdemeanor-level charge.  Only the two violations of Section 220.39 of the New York Penal Code were noted.  Currently, both are considered Class B nonviolent felonies punishable by 1 – 3 years, with a maximum of 25 years.  We are endeavoring to determine if this section of the New York Penal Code was a felony in 1987 when the offenses were committed.  In the event that they were not felonies then, we will so advise you.

Ramifications of Objections Filed.  In the event that the Court finds that the BOL is 32 as we have asserted, then the Guidelines would be applied as follows:

1.  BOL 32 under U.S.S.G. § 2D1.1(c)(4).
2.  An increase of 4 levels for Aggravating Role adjustment under U.S.S.G. § 3B1.1(a).
3.  Foregoing superseded by Career Offender offense level of 37 under U.S.S.G. § 4B1.1(b)(1).
4.  A decrease of 3 levels for Acceptance of Responsibility under U.S.S.G. § 3E1.1(a) and (b).
5.  Resulting total offense level of 34.
6.  Criminal History Category VI under provisions of Career Offender Guideline.
7.  Advisory Guideline Range of 262-327 months.

Comment #3.  It is our intention, on a number of different grounds, to file a motion under *Booker* for a non-Guidelines sentence.

Thank you for the opportunity to review the PSR and for your accommodation to allow us to review the criminal history documents you obtained from official sources in New York.

Sincerely,
/s/ Geoffrey Nathan Esq.

cc: client of record