UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 04-10314-GAO |
| | ) |
| (12)   OSCAR RODRIGUEZ CRUZ, | ) |
| a/k/a "Oscar," | ) |
| a/k/a ""O," | ) |
| Defendant. | ) |

### PARTIAL FINAL ORDER OF FORFEITURE (SPECIFIC ASSETS)[1]

**O'TOOLE, S.D.J.**

WHEREAS, on July 27, 2005, a federal grand jury sitting in the District of Massachusetts returned a four-count First Superseding Indictment charging the defendant, Oscar Rodriguez Cruz, a/k/a "Oscar," a/k/a "O," (the "Defendant"), and others, with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One);[2]

WHEREAS, the First Superseding Indictment also contained a Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture, pursuant to 21 U.S.C. § 853, and as a result of the narcotics offenses in violation of 21 U.S.C. § 846 alleged in Counts One through Four of the First Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

WHEREAS, the First Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the defendants (a) cannot be

---

[1] This order is a Partial Final Order because it addresses a portion of the assets named in the Preliminary Order of Forfeiture issued on December 1, 2014.
[2] The Defendant was not charged in the remaining Counts of the First Superseding Indictment.

located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 17, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the First Superseding Indictment;

WHEREAS, on December 1, 2014, a sentencing hearing was held whereby this Court sentenced the Defendant to 210 months incarceration, to be followed by a term of three years supervised release, and ordered the Defendant to pay a special assessment in the amount of $100;

WHEREAS, in addition, on December 1, 2014, this Court issued an Order of Forfeiture (Money Judgment) against the Defendant, in the amount of $10,500,000;

WHEREAS, on December 1, 2014, this Court also issued a Preliminary Order of Forfeiture (Specific Assets) against the Defendant;

WHEREAS, on January 16, 2015, Betania Carolina Abreu filed a Petition for Ancillary Hearing, asserting an interest in five of the real properties named as forfeitable in the Preliminary Order of Forfeiture (Specific Assets) (asserting claims to the assets identified as 1, 6, 8, 30, and 31 in the Preliminary Order of Forfeiture (Specific Assets));

WHEREAS, on January 29, 2015, Palmeto CXA (*a/k/a* Palmeto C. x A., and Palmeto C. por A.), through its President, Maria Mercedes Pena, filed a Petition for Ancillary Hearing, asserting an interest in seven of the real properties named as forfeitable in the Preliminary Order of Forfeiture (Specific Assets) (asserting claims to the assets identified as 9, 10, 11, 12, 13, 25, and 34 in the Preliminary Order of Forfeiture (Specific Assets));

WHEREAS, on January 29, 2015, C.P. Investments (*a/k/a* Inversiones Carlos Peña and Carlos Peña Investments), through its President, Maria Mercedes Pena, filed a Petition for Ancillary Hearing, asserting an interest in three of the real properties named as forfeitable in the Preliminary Order of Forfeiture (Specific Assets) (asserting claims to the assets identified as 21 (which is grouped with, and on the same deed as, assets 22 and 23), 28 (which is grouped with asset 32), and 33 in the Preliminary Order of Forfeiture (Specific Assets));

WHEREAS, on January 29, 2015, Maria Mercedes Pena filed a Petition for Ancillary Hearing, asserting an interest in three of the properties named as forfeitable in the Preliminary Order of Forfeiture (Specific Assets), (asserting claims to the assets identified as 15, 24, and 35 in the Preliminary Order of Forfeiture (Specific Assets));[3]

WHEREAS, notice of the Preliminary Order of Forfeiture (Specific Assets) was sent to interested parties located in the United States, and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on April 6, 2016 and ending on May 5, 2016;

WHEREAS, in addition, notice of the Preliminary Order of Forfeiture (Specific Assets) was served on potentially interested parties in the Dominican Republic, published in *El Caribe* newspaper, served on any occupants in the real properties, and copies of the Preliminary Order of Forfeiture (Specific Assets) were filed in the appropriate land registries of the Dominican Republic;

---

[3] On August 4, 2017, the United States filed a Motion to Dismiss the claims asserted by Betania Carolina Abreu, Palmeto CXA, C.P. Investments, and Maria Mercedes Pena.  *See* Docket No. 702.   That Motion is pending.

WHEREAS, authorities in the Dominican Republic also advised that two of the properties named in the Preliminary Order of Forfeiture (Specific Assets) were sold to *bona fide* third party purchasers prior to notice by the authorities in the Dominican Republic of the forfeiture, and accordingly, the United States does not seek forfeiture of those two properties (the assets identified as 5 and 26 in the Preliminary Order of Forfeiture (Specific Assets)), and those assets are not listed in the chart of uncontested assets listed below;

WHEREAS, no claims of interest in the properties listed in the following chart, which were named in the Preliminary Order of Forfeiture (Specific Assets), have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired;[4] and

WHEREAS, certain property descriptions were amended and updated by the authorities in the Domican Republic, and the updated descriptions are used in the chart below:

| NO. | PROPERTY TYPE | LEGAL DESCRIPTION | ADDRESS OR LOCATION |
|---|---|---|---|
| 2. | Star Aparta Hotel | Lot 70-REF, D.C. 16/9, San Pedro de Macoris, with an area of 907 square meters, under the name of **Oscar Rodríguez**. Title Deed No. 2100009484, Book No. 0154, Folio No. 108, dated February 24, 2009. | Luis Amiama Tió, Urbanización Hazim, San Pedro de Macoris |
| 3. | Star Aparta Hotel | Lot No. 70-REF-A-38, D.C. 16/9, San Pedro de Macoris, with an area of 416.46 square meters.   Title Deed No. 2100009483, Book No. 0154, Folio 107, dated February 24, 2009, under the name of **Oscar Rodriguez**. | Luis Amiama Tió, Urbanización Hazim, San Pedro de Macoris |

---

[4] The numbering in the chart of uncontested assets remains the same as listed in the United States' Preliminary Order of Forfeiture (Specific Assets).

| 4. | Star Aparta Hotel | Lot No. 70-REF-A-39, D.C. 16/9, San Pedro de Macorís, with an area of 478.53 square meters.  Title Deed No. 2100009482, Book No. 0154, Folio 106, dated February 24, 2009, under the name of **Oscar Rodriguez**. | Luis Amiama Tió, Urbanización Hazim, San Pedro de Macoris |
|---|---|---|---|
| 7. | Lot | Lot 70-REF, D.C. 16/9, San Pedro de Macorís, with an area of 4,153.56 square meters. Title Deed No. 3000118794, Book No. 0329, Folio 242, dated December 16, 2013, under the name of **Oscar Rodriguez**. | Luis Amiama Tió, Urbanización Hazim, San Pedro de Macoris |
| 14. | Lot | Lot No. 268-A with an area of 7,457.89 square meters, D.C. 2, Nagua, under the name of **Palmeto C. x A.**  Title Deed No. 1400003110, Book No. 0054, Folio No. 216, dated April 27, 2009. | Nagua |
| 16. | Commercial Unit | Commercial Unit No. 1-35 at Plaza Jardines de Gazcue, with an area of 30.00 square meters, Solar 2-Reform-A-Refund, Manzana 367, D.C. 1, Distrito Nacional, transferred to Norberto Susini per purchase contract dated on March 10, 2014 and recorded on November 26, 2014. Current Title Deed No. 0100275379, Book No. 3767, Folio No. 229 under the name of Norberto Susini issued on December 11, 2014.<br><br>Former Deed Sale Sheet # 32, Book No. 1842, Folio No. 142, Page No. 0099, dated January 13, 2004, under the name of **Palmeto C. por A.** | Plaza jardines de Guzcue, Calle Pasteur No. 158 esquina calle Santiago, Gazcue, Santo Domingo, Distrito Nacional. |
| 17. | Commercial Unit | Commercial Unit No. 1-39, with an area of 30.00 square meters, at Plaza Jardines de Gazcue, Solar 2-Ref-A-Refund, Manzana 367, D.C. 1, National District, transferred to Norberto Susini per purchase contract dated on March 10, 2014 and recorded | Calle Pasteur No. 158 esquina calle Santiago, Gazcue, Santo Domingo, Distrito Nacional. |

| | | | |
|---|---|---|---|
| | | on November 26, 2014.   Title Deed No. 0100270100, Book No. 3767, Folio No. 026 under the name of Norberto Susini issued on December 4, 2014.<br><br>Former Deed Sale Sheet # 32, Book No. 1842, Folio No. 142, Page No. 0099, dated January 13, 2004, under the name of **Palmeto C. por A**. | |
| 18. | Commercial Property | Solar No. 1, Block No. 1661, Cadastral District No. 01, National District, with an area of 6.45 square meters. Title Deed No. 0100277397, Book No. 3782, Folio No. 209 under the name of **Inversiones Carlos Peña**, dated February 22, 2015. | Francisco Prats Ramírez and/or Emiliano Tardif, Santo Domingo. |
| 19. | Commercial Property | Lot No. 2-F, Block No. 1661, Cadastral District No. 01, National District, with an area of 900 square meters. Title Deed No. 0100277395, Book No. 3782, Folio No. 211, under the name of **Inversiones Carlos Peña**, dated February 11, 2015. | Francisco Prats Ramírez and/or Emiliano Tardif, Santo Domingo. |
| 20. | Commercial Property | Lot No. 2, Block 1661, Cadastral District No. 01, National District, with an area of 900 square meters, Title Deed No. 0100277396, Book No. 3782, Folio No. 210, under the name of **Inversiones Carlos Peña,** dated February 11, 2015. | Francisco Prats Ramírez and/or Emiliano Tardif, Santo Domingo. |
| 27. | Lot | Lot No. 67-B-370-C, Cadastral District 11.3, Higuey, with an area of 500 square meters.   Title Deed from Book No. 156, Folio No. 14, under the name of **Palmeto C. x A.**, dated November 18, 2003. Transferred to Brigida de Oleo Bocio per purchase contract dated on June 8, 2013. Title Deed No. 3000145902, Book No. 0488, Folio No. 203, issued on July 18, 2014. | Verón, Higüey, Provincia La Altagracia. Residencial Bavaro - Punta Cana |

| | | | |
|---|---|---|---|
| | | Lot No. 67-B-370-C, Cadastral District 11.3, Higuey, with an area of 500.63 square meters. Title Deed from Book No. No. 156, Folio No. 13, Page No. 13, under the name of **Palmeto C. x A.**, dated November 18, 2003. Transferred to Brigida de Oleo Bocio per purchase contract dated June 8, 2013. Title Deed No. 3000145835, Book No. 0488, Folio No. 162 dated July 15, 2014.<br><br>Lot No. 67-B-370-C, Cadastral District 11.3, Higuey, with an area of 2,081 square meters. Title Deed from Book No. 156, Folio No. 13, under the name of **Palmeto C. x A.**, dated November 18, 2003. Transferred to Pedro Martin Jacobs Gomex, per contract dated June 8, 2013. Title Deed No. 3000145837, Book No. 0488, Folio No. 204. issued on July 18, 2014. | |
| 29. | Lot | Lot No. 239, D.C. 22, San Cristobal, with an area of 962 square meters, under the name of Luis Eduardo Rodriguez Cordero. Title Deed 3000104024, Book No. 0257, Folio No. 139, issued August 1, 2013. Purchased from **Palmeto C. x A.**<br><br>Lot No. 239, D.C. 22, San Cristobal, with an area of 625 square meters, under the name of Bladimir Andres Garcia Jimenez. Title Deed 3000104020, Book No. 0257, Folio No. 140, issued August 1, 2013. Purchased from **Palmeto C. x A.** | San Cristobal |

(collectively, the "Uncontested Assets").

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for Partial Final Order of Forfeiture (Specific Assets) is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Uncontested Assets, and they are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Uncontested Assets are hereby held in default.

4. The United States Marshals Service, in cooperation with the authorities in the Dominican Republic, is hereby authorized to dispose of the Uncontested Assets in accordance with applicable law, including allowing the use of marketing and sale methods as selected, or approved, by the United States Marshals Service to maximize or increase the sale price of these assets.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

Dated:   June 12, 2020

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
Senior United States District Judge