UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10314-GAO-12

UNITED STATES OF AMERICA,
Plaintiff,

v.

OSCAR RODRIGUEZ CRUZ,
Defendant.

OPINION AND ORDER
August 28, 2020

O'TOOLE, S.D.J.

The petitioner, Oscar Rodriguez Cruz, pled guilty in 2014 to one count of conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(ii). He was sentenced to a term of 210 months' imprisonment followed by three years of supervised release. Pursuant to 21 U.S.C. § 853, he was ordered to forfeit any and all property that was either derived from his narcotics offense or used to commit it. His sentence was affirmed on direct appeal in a summary disposition. Rodriguez Cruz now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He advances four grounds for relief, each of which is premised on claims of ineffective assistance of counsel.

Post-conviction relief pursuant to § 2255 is an extraordinary remedy that is available only if the defendant can make "a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Strickland v. Washington creates a strong presumption of reasonable professional assistance of counsel. 466 U.S. 668 (1984). To succeed on his claim, Rodriguez Cruz must show that his counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Id. at 688, 694; see also Harrington v. Richter, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable.").

Rodriguez Cruz claims that the performance of his counsel fell below an objective standard of reasonableness for a variety of reasons. In Ground Four of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (dkt. no. 707) (the "Petition"), he alleges that his counsel was ineffective for failing to argue that the government breached a binding plea agreement. However, during the petitioner's sentencing, the Court found that "there was no completed plea agreement that, as far as I can tell, binds the government." (Tr. Disp. Oscar Rodriguez Cruz at 20:1–20:2 (dkt. no. 607).) The Court further noted that the draft it had earlier received from counsel was a "proposed (C) plea, so-called, so it still would have required my approval, and I have no idea whether I would have approved that deal or not." (Id. at 20:4–20:7.) There was no binding plea agreement, and there is nothing that Rodriguez Cruz's attorney could have argued to change that fact.[1]

Rodriguez Cruz also argues in Ground One of his Petition that his counsel was ineffective for "failing to argue for a downward departure for a mental and emotional condition." (Mot. Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody at 4 (dkt. no. 707).)  However, the record does not establish as a fact that Rodriguez Cruz ever suffered from a meaningful mental or emotional condition. Accordingly, Rodriguez Cruz has not met his

---

[1] Rodriguez Cruz also argues more generally in Grounds Two and Three of his Petition that his counsel failed to provide constitutionally adequate representation throughout plea negotiations. However, he has not proffered specific factual support showing that his counsel's performance fell below an objective standard of reasonableness at any point in the plea negotiation process.

burden to show that he was prejudiced by his attorney's decision not to argue for a downward departure on this basis at his sentencing.

Rodriguez Cruz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (dkt. no. 707) is DENIED.[2]

Because the petitioner has not "made a substantial showing of the denial of a constitutional right" no certificate of appealability shall issue. See 28 USC Sec. 2253(c)(1–2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge

---

[2] Rodriguez Cruz purports to supplement his Petition in his Motion Withdrawing Previously Filed Pro Se Motions of May 06, and 07, 2019 and Allowing Counsel's 2255 Petition to Proceed with Additional Information Herein Regarding the Breach of the Plea Agreement as to Oscar Rodriguez Cruz (dkt. no. 710). Even assuming that this supplemental information is properly presented, its consideration would not alter the outcome explained herein.