UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>           v.                                              )<br> )<br>(12)   OSCAR RODRIGUEZ CRUZ,       )<br>             a/k/a "Oscar,"                           )<br>             a/k/a ""O,"                                 )<br>                     Defendant.                   ) | CRIMINAL NO. 04-10314-GAO |

## AFFIDAVIT OF NORMAN HYLTON

I, Norman Hylton, hereby state under oath:

1. I am a Forfeiture Financial Specialist employed by Forfeiture Support Associates ("FSA"), working as a contractor within the Money Laundering and Asset Recovery Section of the Department of Justice. I have held this position for approximately nine years. Prior to being a contractor with FSA, I was employed with the United States Marshals Service ("USMS"), where my duties included work on international forfeitures.

2. In my current role, I provide assistance to the Department of Justice and its U.S. Attorney's Offices in the forfeiture of assets in criminal and civil cases, including significant work in the forfeiture of assets located outside the United States. In assisting with the forfeiture of assets located abroad, among other duties, I work with law enforcement and other government officials in the country where the assets are located to obtain information such as asset descriptions and real property records.

3. I have worked on cases involving forfeiture of assets located in many foreign countries around the world. In particular, I have extensive experience with the forfeiture of real properties in the Dominican Republic, where I have assisted with the forfeiture of approximately 500 real properties.

4.     In the above-captioned case, I have provided assistance on many aspects of the forfeiture including but not limited to, helping to identify properties owned or controlled by the defendant in the Dominican Republic, obtaining property records and providing property descriptions, and working with officials both within the United States and the Dominican Republic to effectuate notice of the forfeiture proceeding to potential claimants.   In addition, as appropriate, I provided updated property descriptions for assets subject to forfeiture, which as described below is of particular relevance in the Dominican Republic and its implementation of revised laws and regulations regarding land registration.

5.     I submit this affidavit to provide information to the Court regarding the reasons for changes made to property descriptions in the proposed Final Order of Forfeiture (Docket No. 718-1) ("FOF"), as compared to the Preliminary Order of Forfeiture (Docket No. 595) ("POF").   In general, the changes fall into four categories:   (1) no changes or minor changes based on Spanish translation differences; (2) changes in which additional details were added to supplement the previous property description; (3) changes reflecting property descriptions that were administratively changed by the Title Registrar to comply with Dominican Law No. 108-05; and (4) changes reflecting property descriptions that changed based upon surveys conducted by the land owners.

6.     For the properties identified in the POF and FOF as 11, 12 and 34, these descriptions had either no change or changes that reflected a non-material difference in Spanish to English translation (for example, use of the word "parcel" versus "lot').

7.     For the properties identified in the POF and FOF as 1, 6, 8, 9, 10, 13, 21, 22, 23, 31, 33, and 35 the changes supplement the POF descriptions by either including book and folio numbers (properties 6, 8, 10, 13, 31, and 33), providing additional property location, property

holder or account holder information (properties 1, 9, and 35), or reflecting an aggregate description for multiple properties that are all on one deed, versus a description that subdivided the descriptions into units in the POF (properties 21, 22, 23).   Certain of these properties also have slight changes reflecting a non-material difference in translation, as discussed in paragraph 6 above.

       8.      For the properties identified in the POF and FOF as 25, 28, 32 and 30, the changes reflect new title deed numbers administratively assigned by the Title Registrar to comply with Dominican law.   The Dominican Republic has been working to institute reforms regarding real property registrations since enactment of Law No. 108-05 in 2005.   Although the law was enacted fifteen years ago, the changes that flow from it occur over time, and continue to this day.   One of those changes is the gradual change of to a new format of title deed numbers from XXXX-XXXX to XXXXXXXXXX.   Both the format and the underlying numbers are different when this administrative title deed number change is implemented.   For example, for the property designated in the POF and FOF as 25, the first description below is the description used in the previous system, and the second description is for exactly the same property, but reflects the updated title deed number system:

> Parcel 2-A-1-REF-46-A-6-C-2-REF-M, Cadastral District 04, National District, with an area of 349.17 square meters. ***Title Deed No. 2003-8114***, under the name of Palmeto C. por A., dated August 19, 2003;
>
> Lot 2-A-1-REF-46-A-6-C-2-REF-M, Cadastral District 04, National District, with an area of 349.17 square meters. ***Title Deed No. 0100277393***, Book No. 3782, Folio No. 213, under the name of Palmeto C. por A., dated February 11, 2015.

(Emphasis added.   The change on this property description also includes additional information regarding the book and page.)   This administrative title deed description change also occurred, and is reflected in the FOF descriptions for properties 28 and 30, as well as 25.   In addition,

property 32 was a duplicate of the two parcel property listed as property 28 in the POF, and has been updated and combined with 28 in the FOF.

9. Land surveys conducted by land holders also result in changes to existing property descriptions under the Dominican Republic system, which is the case for the properties identified in the POF and FOF as 15 and 24. As to property 15, Metro Country Club, as titleholder, conducted a land survey of the lots within its residential complex resulting in the issuance of a title deed for each lot and updated lot numbers that reflect GPS position information (for example Lot No. 405367065682 updating Lot E2-3). Metro Country Club is also the owner of Playa Marota, S.A., and conducted a land survey of the properties at the residential complex in Costa Blanca (property 24), likewise resulting in an updated property description.

10. For each of the changes described above, the actual land or property named in the POF is the same as that listed in the FOF, although as described above, in some instances the property description changed over time.

Submitted under the pains and penalties of perjury on September 18, 2020.

/s/ *Norman Hylton*
NORMAN HYLTON